LAW OFFICE OF

# JESSE M. SIEGEL

The Woolworth Building

(Tel) 212-207-9009                233 Broadway, Suite 707

(Fax) 212-732-1339              New York, New York 10279                JesseMSiegel@aol.com


November 19, 2014


**BY ECF**

Hon. Katherine Polk Failla, District Judge
United States District Court for the
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

**Rule 32 Sentencing Memorandum in the Matter of**
*United States v. Anthony Diaz*, 14 Cr. 108 (KPF).

Dear Judge Failla:

We write in connection with the sentencing of our client, Anthony Diaz, scheduled for December 3, 2014, at 3:00 p.m. We respectfully request the Court impose a non-guidelines sentence of a term of imprisonment of 120 months on Mr. Diaz. This is the mandatory minimum sentence to which he is subject for violating Title 21, United States Code, section 841(b)(1)(A), and only one month less than the low end of his advisory sentencing guidelines range of 121 to 151 months. Probation has recommended a 121-month term of imprisonment.

Mr. Diaz is a 53 year-old man whose involvement in the drug trade was related to his own long-term problem with drugs. He managed to stay drug-free while on supervised release following a prior term of incarceration, but quickly reverted to using them after supervision ended. The mandatory minimum sentence of ten years will allow him to participate (again) in the Bureau of Prison's 500-hour RDAP program. Even with a sentence of ten years, he will be in his 60's when he is released from prison, an age at which he is unlikely to recidivate. Ten years is an extremely long prison term that will reflect the seriousness of the offense, deter Mr. Diaz and others from committing similar crimes, and be more than sufficient to provide just punishment.

In consideration of all these circumstances, we submit a term of imprisonment of ten years would be "sufficient, but not greater than necessary" to achieve the purposes of sentencing

Hon. Katherine P. Failla
November 19, 2014
Page 2

set forth in Title 18, United States Code, section 3553.

## **Personal Background**

Anthony Diaz, 53 years-old, was born on July 5, 1961, in New York City, to Alta Gracia, now 86 years-old and living in New York with one of Mr. Diaz' daughters, and Marcelino Diaz, 80 and living in the Dominican Republic. Mr. Diaz' brother, Richard Diaz, 51, works in graphic design for Mr. Diaz' daughter. Mr. Diaz enjoys an "'excellent'" relationship with his mother, and speaks with her daily. She suffers from various ailments related to her advanced age, including a problem with her thyroid, diabetes, intestinal problems, osteoarthritis, leg cramps, and heart problems requiring a pacemaker. Mr. Diaz has not spoken with his father since being arrested in February, 2014. (Presentence Report ("PSR") ¶¶59, 61, 62.)

Mr. Diaz grew up poor, in New York. He reports having good parents, but notes that his father is an alcoholic who was not home much, but was, rather, out drinking when he wasn't working. (PSR ¶60.) Perhaps related to this influence, and the lack of a positive male role model, Mr. Diaz began smoking marijuana at the age of 10, and used LSD regularly between the ages of 15 and 17. (PSR ¶¶60, 73.) When he was 16, his parents sent him to the Dominican Republic, hoping his behavior would improve in a different environment, but it did not. He returned to New York to finish high school but dropped out. He later earned a high school equivalency diploma. (PSR ¶78.) Mr. Diaz tried to enlist in the U.S. Airforce, but was not accepted due to severe hearing loss in his left ear. (*See* PSR ¶68.)

Always a hard worker, Mr. Diaz has worked in construction, as a house painter, in a clothing store, doing cell phone repair, and in sales and maintenance in his daughter's graphic design business. (PSR ¶¶81-83, 85, 87.)

Mr. Diaz was married for about nine years to Militza Soto, but they divorced in about 1990 and have no contact. They had two daughters. Jessica Diaz is now 31 years-old. She owns and operates a graphic design business, and was living with Mr. Diaz at the time he was arrested. (Although not mentioned in the PSR, Jessica is the mother of Mr. Diaz' only grandchild, 9 year-old "SS".) His younger daughter, Giselle Diaz, 28 years-old, recently returned after living in the Dominican Republic for six years[1] and now lives near her sister in the Bronx. (PSR ¶63.)

Mr. Diaz also has two children from other relationships. His daughter from a relationship with Elvi Diaz, Sabrina Diaz, 25, lives in the Bronx, is a student and also works at Planet Fitness. His son, "AD," is 11 years-old and lives with his mother, Marianna Bros, in the Dominican Republic. (PSR, ¶¶64, 65.)

---

[1] The PSR incorrectly states she lived in the Dominican Republic for two, rather than six, years. (PSR ¶63.)

Hon. Katherine P. Failla
November 19, 2014
Page 3

Mr. Diaz is currently in a relationship with Gilda Esther Gross, who is 35 years-old and lives in the Bronx. (PSR ¶66.)  He is not optimistic that the relationship will survive the lengthy period of incarceration he faces, especially since Ms. Gross is interested in having children.

As noted, Mr. Diaz has had a long-time problem with drugs.  He began smoking marijuana at the age of 10; 41 years later, he was smoking as much as an ounce per day at the time he was arrested.  He began drinking at the age of 12 or 13, and did so regularly, even daily for a long period, until being arrested on his prior federal case, in 2002.  He used LSD as a teenager, crack cocaine for about seven months in the 1980's, and abused powder cocaine for about seven years, also during the 1980's.  (PSR ¶¶72-75.)

After successfully completing the BOP's 500-hour RDAP program while incarcerated for the prior federal case, Mr. Diaz completed out-patient treatment and was monitored while on supervised release, which he finished in October, 2010.  By January, 2011, he was back abusing marijuana and alcohol "due to financial difficulties" and "trying to forget his problems."  Mr. Diaz is determined to overcome his drug problem and get "'back on track.'"  While at MCC Manhattan, he has completed a "Drug Abuse Education Course," (see Certificate attached hereto), and a 12-week education course called "Getting Out by Going In (GOGI)."  He hopes he is able to get treatment once he is designated to a prison facility.  (PSR ¶¶76, 77, 79.)

Mr. Diaz has one prior conviction, for money laundering, for which he received an 87-month term of imprisonment in 2002.  (PSR ¶40.)  He also has a possession of drug paraphernalia case (originally charged as money laundering) pending in New Jersey. (PSR ¶49.)

**The Offense**

Mr. Diaz was arrested on February 19[2], 2014, for his part in a conspiracy distributing cocaine.  Mr. Diaz sold kilogram quantities of cocaine he obtained from suppliers in Puerto Rico to his own customers.

On August 21, 2014, Mr. Diaz pled guilty, pursuant to an agreement with the government, to a superceding information charging him with conspiring to distribute, and possess with intent to distribute, five kilograms and more of cocaine, in violation of Title 21, United States Code, sections 841(b)(1)(A) and 846.  Pursuant to the agreement, Mr. Diaz agreed to be held responsible for at least 50 but less than 150 kilograms of cocaine.

**The Presentence Report**

The sentencing guidelines calculation in the PSR comports with that in the parties' plea

---

[2] The PSR incorrectly states he was arrested on February 21st, rather than 19th.  (PSR at 1.)

Hon. Katherine P. Failla
November 19, 2014
Page 4

agreement[3].  Because he is held responsible for between 50 and 150 kilograms of cocaine, Mr. Diaz' base offense level is 34, pursuant to U.S.S.G. section 2D1.1.  This is reduced by 3 levels for his timely acceptance of responsibility, pursuant to section 3E1.1(a) and (b).  This yields a total offense level of 31 and an advisory sentencing range, in criminal history category II, of a term of imprisonment of 121 to 151 months. (PSR ¶¶ 4, 28-38, 47, 92.)  He is subject to a ten-year mandatory minimum sentence.  (PSR ¶91.)

Probation recommends the Court impose a 121-month term of imprisonment, at the bottom of Mr. Diaz's advisory sentencing range, and a five-year term of supervised release.  They state the recommended sentence addresses "the sentencing objectives of incapacitation, general and specific deterrence, and punishment," and takes into account the section 3553 factors.  (PSR at 19-20.)

## Letters of Support

Attached hereto are letters from Mr. Diaz' family and friends, which we ask the Court to consider when imposing sentence.

## Sentencing Under Section 3553

The Court is required to impose a sentence that is "sufficient, *but not greater than necessary*" to achieve the purposes of sentencing set forth in Title 18, United States Code, section 3553(a)(2).  18 U.S.C. § 3553(a) (emphasis added).  The Second Circuit has underlined this requirement: "Plainly, if a district court were to explicitly conclude that two sentences equally served the statutory purpose of §3553(a), it could not, consistent with the parsimony clause, impose the higher."  *United States v. Ministro-Tapia*, 470 F.3d 137, 142 (2d Cir. 2006).  Thus, a sentencing court is to impose the shortest sentence that achieves the purposes of sentencing.

In determining a sentence, the Court shall consider the factors set forth in section 3553(a), including:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

---

[3] The guidelines  calculation in the plea agreement was based on the sentencing guidelines manual then in effect, but the parties agreed that Mr. Diaz should be sentenced based on the drug offense guidelines scheduled to become effective November 1, 2014.  The second disclosure of the PSR takes into account the newer guidelines.

Hon. Katherine P. Failla
November 19, 2014
Page 5

> (2) the need for the sentence imposed--
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C)  to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The Second Circuit has emphasized, "Although the sentencing judge is obliged to consider all of the sentencing factors outlined in Section 3553(a), the judge is not prohibited from including in that consideration the judge's own sense of what is a fair and just sentence under all the circumstances.  That is the historic role of sentencing judges, and it may continue to be exercised."  *United States v. Jones*, 460 F.3d 191, 195 (2d Cir. 2006).

We respectfully submit a ten-year, or 120-month, term of imprisonment is a very substantial sentence which would constitute a significant punishment for the crime Mr. Diaz committed.  It would reflect the seriousness of the offense, and surely deter him and others from engaging in similar conduct in the future.  Because no good purpose would be served by sentencing Mr. Diaz to more, a prison sentence of 120 months would be "sufficient, but not greater than necessary" to accomplish the various purposes of sentencing, and appropriate given the various factors a court is to consider in imposing sentence.

The history and characteristics of the defendant.

While no excuse for his involvement in these offenses, it can hardly be doubted that the circumstances under which Mr. Diaz was raised, and his ongoing abuse of drugs, played significant parts in the bad decisions he made.  He was raised in poverty in New York City. From the time he was a young child, he was around drugs.  His father, an alcoholic, was absent from the home much of the time, and provided a poor role model when he was around.  It is, unfortunately, not unusual, under these circumstances, that Mr. Diaz began a lifetime of drug abuse at a very early age, and started smoking marijuana at the age of 10.  Although he is now at an age, 53, when he should have been able to put these early experiences behind him, such

Hon. Katherine P. Failla
November 19, 2014
Page 6

experiences can have long-term effects which are extremely difficult to shake. It is significant that as soon as he was off supervised release, in October, 2010, Mr. Diaz quickly reverted to abusing drugs.

The many detailed and informative letters written by his family members and friends show that Mr. Diaz' character is not defined solely by his criminal activities. They describe a loving, caring and generous individual concerned with the well-being of others. Unfortunately, no matter what sentence the Court imposes, he will be separated from his family and friends for a very long time.

The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.

Clearly, ten years in prison is an extremely long sentence, one that would reflect the seriousness of the offense, constitute just punishment, and provide general and specific deterrence. Moreover, it is significantly -- almost 50% -- longer than the 87-month sentence he received for his prior offense, and thus capable of having a far greater deterrent effect on him.

Mr. Diaz' age, 53, also suggests he is now far less likely to recidivate. Even if the Court imposes a ten-year sentence on Mr. Diaz, he will be in his sixties when released. If he can deal effectively with his drug problem, he will be at an age when concerns about recidivism are reduced. As courts have recognized, "[t]he positive correlation between age and recidivism is impossible to deny." *United States v. Nellum,* No. 2:04-CR-30-PS. 2005 WL 300073 at *3 (N.D. Ind. Feb. 3, 2005.) More specifically, courts have recognized that even defendants over the age of forty are less likely to commit further offenses (*i.e.*, they have lower recidivism rates) than younger defendants, and that a defendant's age is therefore also a reason to impose a lower sentence. *See United States v. Carmona-Rodriguez,* No. 04 CR 667 (RWS). 2005 WL 840464 (S.D.N.Y. April 11, 2005) (imposing a term of incarceration of 30 months on a 55 year-old defendant where the guidelines recommended a minimum of 324 months); *Nellum*, 2005 WL 300073, at *3 (imposing a term of incarceration of 108 months on a 57 year-old defendant where the guidelines recommended a minimum term of 168 months.)

A study by the United States Sentencing Commission places the correlation between age and recidivism into relief. For example, the study finds defendants who, like Mr. Diaz, are over 50 years-old at the time of sentencing, and in criminal history category II, have a 13.9% incidence of recidivism, roughly comparable to those between 41 and 50 (13.3%), but far less than those between 36 and 40 (23.2%) and younger groups in the same criminal history category. United States Sentencing Commission, *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines* (2004), at 28 (last modified May, 2004). http://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-

Hon. Katherine P. Failla
November 19, 2014
Page 7

publications/2004/200405_Recidivism_Criminal_History.pdf.


The need for the sentence imposed to to provide the defendant with needed educational or <u>vocational training, medical care, or other correctional treatment in the most effective manner</u>.

        A ten-year sentence would provide more than enough time for Mr. Diaz to complete the 500-hour RDAP program, if he is permitted to enroll in it again.


<u>**Conclusion**</u>

        For the foregoing reasons, we respectfully request the Court sentence Anthony Diaz to a term of imprisonment of ten years.

                                Very truly yours,


                                /s/
                                Jesse M. Siegel

cc. A.U.S.A. Christopher J. Dimase
     (By email: Christopher.Dimase@usdoj.gov)

Novemeber 18,2014

To: Honorable Judge Katherine P. Failla,

I am writing this letter to introduce myself and give you a brief summary of who my father is. My name is Jessica Diaz the oldest of Anthony's Four children. I am 31 years old and run my own printing company located at 1380 Randall Ave. Bronx, N.Y. 10474.

Anthony Diaz worked for my company as a sales representative. During the time he has worked with me , he has done an excellent job. There was not a day that went by that my father did not have work ready for me to do. He was constantly moving around getting work done, just to better my business so that I can have a better future. Customers loved him because of his punctuality. He always had their work done in a timely matter. My Father would be the one to push me to do better, like any good father would do. I consider him to be one extraordinary father. Although, he is incarcertaed at this moment not a day goes by I that I do not recieve a phone call from him concerning my work and family. Anthony Diaz only thinks about  the family's well being considering his situation. My father means the world to me and no matter what mistakes he has done , I would never turn my back on him. He is a family man, the one who has kept the family bonded together at all times. Also, he has taken the role as a father to my nine year old daughter Samantha. Everyone knows my father as a loyal and trustworthy person. My father is not only considered loyal and trustworthy by me, but by most of the people he came in contact with over the years. There is much to be said about my father but this would be a never ending letter. Words can only go so far as to describe his commitment to his family and friends.

Thank you for your attention,

Jessica M. Diaz

646-387-0166

1

To the honorable Judge
Katherine P. Failla.

My name is Sabrina Diaz, and
my father is Anthony Diaz.

I would like to start off
by saying how great of a father
he is.
He is the one who pushes me to
do better. Who is always there when
I need him, and not even just for
me, but also for my son, and every
one in my family. He's the man
that everyone turns to in their time
of need.
He is by far the most thoughtful
person I know. He always wants
the best for me, my sisters. Our kids
my grandmother and his brother.
He is more than just a grandfather
to my son. He is there when no one
else is.
My father is all about family and
making sure we are all okay
that at times he forgets about
himself.
He's an amazing man and I
would love to have him back in

my life's
hes more than Just a man
Your honor he is my everything's
and not Just for me but
this entire family

— Sabrina Diez

11-09-2014

Dear, Judge Katherine P. Failla,

I am writing on behalf of
Anthony Diaz. I have known him
for 28 years due to him being
a devoted dad. I can describe my
father as a great dad, he is a very
trustworthy man which is a great
friend, son, brother, and dad. His children
are a huge source of pride for him,
he revealed in our accomplishments,
and shared in our sorrows. He is very
happy to point out the number of
grandchildren he has. My Dad is a Catholic
that has deep faith in god, he put us
through Catholic schools and thanks
to him thats were are beliefs came
from. I have seen my Dad as a
strong, hard working, great provider, with
a big heart and deeply caring for
all even to strangers. I can tell
you he has helped me with lots of
great ideas for business now that
I own a marketing company, I see

that it all came from his great ideas
and the confidence he has given me. As
far as mistakes he has made I see a
very few; even with the situation he is
going through, I believe and know
he will deperetly learn from this
now that he has grandchildren to
be there for and as he has discussed
with me and my family, I am Confident
to say that he will take and handle
this situation with thoughtfulness
and maturity as for him being an
honest men. I beg you my honor
leniency when sentencing him do
to all his qualitys and what he
means to his family.

Respectfully yours,

Giselle Diz

Dear, Honorable Judge Katherine P Failla,

I'm Samantha Suliveres and I'm Anthony's only grandaughter. I go to St. Frances de Chantal. I'm on a basketball team in my school. I love him because he's nice, exciting, and loveable, but I consider him as my father because he's only the best. We went to the war museum and thats the best memory of time I've spent with him. He's always by my side, and, I'll never forget him in my life, thats why I Love him.

love,

Samantha
Suliveres.

Novemeber 17,2014

Dear: Honorable Judge Katherine P. Failla,

I am Richard Diaz the brother of Anthony Diaz whom I have known for 51 years. I also work for the same company he worked for which is my nieces business. He has given me advise in my relationaships and how to keep my family together even after my divorce. He was a great support emotionally. I learned a lot from him on how to be a good father. He has taught me no matter what situation you may be in family is first. My brother is the most inportant person in my life. He is the kind of person who will take time and help you if he could in bad and good times. He is a good father, grandfather. and brother. I know him and know he will get through this unfortunate circumstance.

Thank You

1

11-19-14

To the honorable Judge Failla'

I Shirley Blanco employed for
Fey We Care organization as an
Patient Care Specialist being a
residence of the Bronx for 49 years.
Anthony Diaz is my X brother-in-
law and have known him for
32 years, Mr Diaz has always
been of good character and a
excellent provider and father
for his kids. He is a family
Oriented man and devoted in
helping friends and family.

Respectfully Yours,
Shirley Blanco

11-10-14

Dear Honorable Judge Katherine Pfailla,

I have known Anthony Diaz
for 35 years. During these years, I have
always known Anthony Diaz to be a
kind, giving and loving Person. He is
a great father and family orrented, has
always tried to do the right thing.
How he ever got into this situation is
imcomprehensible to me, as this is not
the person I know. As far as the mistakes
he has made he really is a polite, decent,
and carring man,

Yours truly

Monserrate Soto

November 18, 2014


To:  Honorable Judge Katherine P. Failla

I am writing this letter on behalf of a close friend of mine who is presently before you on
criminal charges and is due to be sentenced shortly. I am Jonathan Richardson, and I am a Real
Estate Agent. I have known Anthony Diaz both personally and professionally for a period of 4
years.

Anthony has a productive future ahead of him. He was a very good worker, always respectable,
on time, very reliable and trustworthy.  While working with me, on various jobs that were given
to him from my business, he showed the capacity to be able to complete his work on a timely
matter, with confidence and professionalism. I never received any complaints regarding
Anthony's work ethics. Once in a while he would come over to my house for family gatherings
and some Thanksgiving him and his family would spend with my family.

Hoping this letter will give you a basic idea of who Anthony Diaz is.

Thank you in advance for your time and for your consideration.


Respectfully submitted,


Jonathan Richardson

Novemeber 17,2014

To: Honorable Judge Katherine P. Failla,

My name is Frank Rodriguez and I met Anthony Diaz Approximately seven years ago. I can honestly say he is one of the few hum,an beings that I have met in my life that have made a huge impact in my life and have made me change my life for the better. When I met Anthony, whom I met through his daughter Jessica Diaz , who I consider my sister. They immediately accepted me as a part of the family. This is the way that I have noticed that this family was brought up to be great people. Anthony is loving, caring, generous and so inspirational. Anthony Diaz came into my life in a time where I was going through a lotof crisis and emotional stress. He helped me out in a way that no one ever did before. Not by giving anything or doing me favors, but by giving me advice and talking to me about the realities of life. Also, by seeing the kind of person he is with me and around other people has helped me out so much. He is a great father to his children and he is there for them no matter what.  An unconditional father and son to his beautiful loving mother who I call Grandma. This man has taught me so much about life and what it is worth. How to live life everyday with the people you love.  I don't think he even imagines how much I admire and appreciate him. He has been a mentor to me and a father figure.We love him very much and appreciate what he has done for me. These holidays won't be the same with out him. He is a devoted family man and very hardworking and responsible like no other .

Respectfully yours,

Frank Rodriguez

1

Novemeber 17,2014

Honorable Judge Katherine Failla

Hello. I am writing in reference to Anthony Diaz, who is appearing before your court due to criminal charges.

Anthony Diaz asked me to write a character reference letter, but the truth is that I was already planning on doing so before the request. I feel strongly about Anthony Diaz, and about his future, and I want to try to make you feel the same way.

Anthony Diaz is a person of good moral character. I realize that might seem hard to believe, given the circumstances, but it's true nonetheless. Me and my family have known Anthony Diaz for over 20 years and in that time I have seen him go through ups and downs, but all the while I have been convinced that he is a decent person at the core. He just needs more people to believe in him so that he can become the person I know he can be and is. Anthony Diaz is not only a great friend but is a man that is extremely dedicated to his family and friends. When my mother was sick with breast cancer Anthony Diaz never failed to give emotional support to me and my family at all times. Always visiting us making sure everything was OK with the family. Now that my father has passed away I could imagine that it must be taking a hard toll on him since my father and Anthony were like brothers.

Anthony Diaz has made mistakes in the past, nobody is perfect, but I am positive that he is incredibly remorseful, and paid his time to society. But I ask you for leniency for Anthony Diaz, an opportunity to get a second chance. I recognize that Anthony Diaz may have broke the law, and I do not believe that he should get off without punishment. I just hope you will recognize the power you wield with regard to the future of this man, and make a fair decision.

Thank you,

Lisandra Melo

(201)780-6881

1

November 17, 2014

Arlene Soto
529 St. Lawrence Ave
Bronx, NY 10473

To Honorable Judge Katherine P. Failla:

This letter is in reference to Anthony Diaz.

I am Arlene Soto a 43 year old mother of two boys. I have worked for the New York Public Library for 18 years.

I have known Anthony Diaz for 32 years. He is an honest and loving father. He has been around for his family no matter the circumstances. He was once married to my sister Militza Soto and is the father to both my nieces Jessica and Gisselle Diaz. In a few different occasions when I need a hand he was there to help. For example the time my husband had a car accident and I needed transportation, Anthony was there to cater to my need from the hospital to home.

Thank you for your attention,

Arlene Soto

Honorable judge Katherine Polk Failla
    United State District
    Judge of United States
Southern District of New York

November 18, 2014

Marianna Bros
4326 SW 147
Miami, FL 33185
829-851-9523

Dear judge Katherine:

I am writing this letter to introduce myself, as the mother of the youngest child of
Anthony Diaz. I meet Anthony, 23 years ago, and all I can say is that he is one of the
most wonderful people that I know. There are no words to tell you how much my son
Anton and I are suffering for what is happening to Anthony now. It is so hard to tell my
son that he will not be able to see your father for any reason.

Whatever the outcome is, I truly believe he will learn from this hard experience. And
from the deepest of my heart I hope it pass soon, so we can all spend quality time as a
family, like our 12 years old son deserve.

Sincerely,

Marianna Bros

Dear Judge Katherine P. Failla

my name is Carlos Jovine and I'm a close friend to ~~Anthony Diaz~~, um 30 years old and my profession is Graphic design.

Anthony Diaz has been a friend to my family for about 20 years now, I met him in my younger years and instantly took a liking to him, because in him at that young age, I saw goodness.

As time went by, he remained friends with my family and as a result he became friends with me. I can say that as I got to know him, it dawned on me that here is a great person who is full of love, joy, humbleness a man who seeks to make others people's lives better at the expense of his, a man who I can ~~tak~~ say, I admire! because he has been an example in many ways, of how to live and how to love and give unconditionally, not only in words but in his actions, and who he is.

Respectfully Yours

Carlos Jovine    11-18-14

# United States Department of Justice
## Federal Bureau of Prisons

# ANTHONY DIAZ

has satisfactorily completed the
requirements for the forty hour
**DRUG ABUSE EDUCATION COURSE**
and is hereby awarded this

## Certificate of Achievement in Drug Education

_____     10/10/2014     _____

**D. A. P. Coordinator**      **Date**      **Drug Treatment Specialist**