UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>              -v.-<br><br>ANTHONY DIAZ,<br><br>                              Defendant. | 14 Cr. 108 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

Defendant Anthony Diaz, who was sentenced in December 2014 principally to a term of 121 months' imprisonment followed by five years' supervised release, has moved for early termination of his supervised release. (Dkt. #34).[1] According to the United States Probation Office for this District, Mr. Diaz's term of supervised release commenced on January 14, 2022, with a scheduled expiration date of January 13, 2027. In support of his request, Mr. Diaz cites his compliance with his conditions of supervised release and his service to the community; in addition, Mr. Diaz argues that his professional advancement has been hampered by his conditions of supervised release. (*Id.* at 4, 6). The Court understands from the Probation Office that it does not oppose Mr. Diaz's request; the Government has submitted a letter in opposition that, among other things, challenges the accuracy of certain of Mr. Diaz's arguments for early termination. (Dkt. #38). For the reasons stated in the

---

[1] The factual and procedural histories of Mr. Diaz's prosecution are set forth in this Court's prior order denying his request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), *United States* v. *Diaz*, No. 14 Cr. 108 (KPF), 2022 WL 19760, at *1 (S.D.N.Y. Jan. 3, 2022), which is incorporated herein by reference.

remainder of this Order, the Court approves Mr. Diaz's request for early termination.

Section 3583(e)(1) of Title 18 of the United States Code empowers a court to terminate a term of supervised release at any time after the expiration of one year of that term so long as the court determines that such action is warranted by the conduct of the defendant and is in "the interest of justice." 18 U.S.C. § 3583(e)(1). The court is required to consider the factors set forth in Sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). *Id.* § 3583(e). Put somewhat differently, the Court is required to consider the factors in Section 3553(a) that "bear on 'deterrence, public safety, rehabilitation, proportionality, and consistency.'" *United States* v. *Gonzalez*, No. 94 Cr. 134 (JSR), 2015 WL 4940607, at *1 (S.D.N.Y. Aug. 3, 2015) (quoting *United States* v. *Lussier*, 104 F.3d 32, 35 (2d Cir. 1997)). The United States Sentencing Guidelines encourage courts "to exercise this authority in appropriate cases." U.S.S.G. § 5D1.2, comment. n.5 (November 2024 manual).

The Court assumes, as did the Government (Dkt. #38 at 2 n.1), that it has authority under 18 U.S.C. § 3583(e)(1) to terminate even a mandatory minimum term of supervised release early. *See United States* v. *King*, No. 06 Cr. 311-3 (KMK), 2023 WL 196149, at *2 (S.D.N.Y. Jan. 17, 2023) ("The Court, after considering the above-enumerated sentencing factors, may terminate a term of supervised release even if that term was imposed pursuant to a mandatory minimum." (citing *United States* v. *Johnson*, 529 U.S. 53, 60 (2000) (collecting cases)). The Court also acknowledges the Government's argument

2

that "good conduct alone is not a reason for early termination," for which argument there is substantial support in the law. (*See* Dkt. #38 at 2 (quoting *United States* v. *Pena*, No. 08 Cr. 578 (JGK), 2022 WL 2733871, at *1 (S.D.N.Y. June 27, 2022))). That said, courts in this Circuit have recognized that "changed circumstances" may make it appropriate for a court to reduce a term of supervised release. *Lussier*, 104 F.3d at 36. Those changed circumstances can include the "exceptionally good behavior by the defendant" on supervised release, which may "render a previously imposed term or condition of release ... too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Id.* To be sure, "exceptionally good behavior" is not established simply by complying with the terms of supervised release. *See Fenza*, 2013 WL 3990914, at * 2 ("Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination."). However, the Second Circuit has advised district courts that new or changed circumstances are not required so long as a court considers the 18 U.S.C. § 3553(a) sentencing factors. *See United States* v. *Parisi*, 821 F.3d 343, 347 (2d Cir. 2016).

The Court's decision to terminate Mr. Diaz's supervision early is heavily influenced by the observations and opinions of his supervising Probation Officer, Marcela Tavarez. Officer Tavarez relates that Mr. Diaz has completed three years and six months of his supervised release term without violation or rearrest — which, the Court notes with neither irony nor sarcasm, is a marked

3

improvement from Mr. Diaz's last stint on federal supervised release, wherein he committed the instant narcotics offense after having served a seven-year term of imprisonment for conspiracy to commit money laundering. *See United States* v. *Diaz*, No. 02 Cr. 764 (SAS) (S.D.N.Y.). Mr. Diaz is now 63 years old, and less likely to revert to criminal conduct. He has a stable residence in the Bronx, and contributes to his community through programs such as GED preparation. In addition, since April 2022, Mr. Diaz has maintained full-time employment with Uber Eats and Door Dash, as a food delivery driver. And he has satisfied his $100 mandatory special assessment. In short, the degree of rehabilitation, and the length of time over which Mr. Diaz has refrained from criminal conduct, suggest that additional supervised release is not needed.

      Separately, it is significant to the Court that Mr. Diaz has been placed on the Probation Office's administrative caseload, where his reporting requirements are minimal, principally requiring him to submit monthly reports online. While the Court recognizes that there are differences between administrative supervision and no supervision at all, it does not believe that the marginal benefits of retaining administrative supervision outweigh the factors supporting early termination of supervised release, which here include Mr. Diaz's compliance with the terms of supervised release for 3.5 years and his continuous pursuit of gainful employment. Accordingly, the Court GRANTS Mr. Diaz's motion for early termination of supervised release, and will endorse the Probation Form 35 under separate cover.

The Clerk of Court is directed to terminate the motion at docket entry 34, and to mail a copy of this Order and the Probation Form 35 to Mr. Diaz at the following address:

>Anthony Diaz
>6213 Broadway, Apt. 5
>Bronx, NY 10471

SO ORDERED.

Dated: July 10, 2025
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

5